SHAWN A. LUIZ 6855
1132 Bishop Street
Suite 1520
Honolulu, Hawaii 96813
Telephone: (808) 538-0500
Facsimile: (808) 538-0600
attorneyLuiz@msn.com and
attorneyLuiz@gmail.com

Attorney for Plaintiff
AARON INFANTE-LEVY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| AARON INFANTE-LEVY, | ) | CIVIL NO. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| STATE OF HAWAII, UNIVERSITY | ) | **COMPLAINT FOR** |
| OF HAWAI'I AT MANOA; William | ) | **DECLARATORY AND** |
| Ryan Chapman, Ph.D., in his official | ) | **INJUNCTIVE RELIEF AND** |
| capacity only as Dean of the School of | ) | **DAMAGES; DEMAND FOR** |
| Architecture, University of Hawai'i at | ) | **JURY TRIAL; SUMMONS** |
| Manoa; JOHN AND JANE DOES 1- | ) | |
| 100; DOE AGENCIES 1-10; DOE | ) | |
| CORPORATIONS 1-10; DOE | ) | |
| ASSOCIATIONS 1-10; DOE | ) | |
| BUSINESS ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

NOW COMES the Plaintiff, AARON INFANTE-LEVY, by and through his attorney, Shawn A. Luiz, Esq., and complaining of the Defendants, and alleges and says:

## NATURE OF CLAIMS

1.      This is a civil action for declaratory, injunctive relief, compensatory and punitive damages arising under Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. and Title V of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794 et. seq.; to correct and remedy unlawful discrimination, higher-educational practices and standards in the provision of services, programs and/or activities by a public entity on the basis of disability and in violation of federal law and to redress grievances against Defendants on the basis of disability and to make whole and compensate the Plaintiff. The STATE OF HAWAII, UNIVERSITY OF HAWAI`I AT MANOA, through its agents are refusing re-admission to Plaintiff, a qualified individual with a disability, from the School of Architecture, because of his disability as more particularly set forth in this Complaint, rather than engaging in the interactive process in good faith and reasonably accommodating and/or not discriminating against Plaintiff. Defendants are refusing to re-admit Plaintiff despite Plaintiff previously receiving accommodations in order to complete years of study gaining credit towards his

Doctorate in Architecture. Plaintiff was previously forced to take a leave of absence from the School of Architecture on account of his disability.

2.      In this action, Plaintiff, who is a qualified individual with a disability challenges the Defendants' denial for readmission into the University of Hawaii at Manoa's School of Architecture ("U.H.") for completion of his Doctorate degree. While under his doctors' care and because of his disability, Plaintiff was required to take a leave of absence upon completion of two-thirds of the courses for completion of his doctorate degree for graduation.

3.      Defendants' actions to deprive Plaintiff re-admission into U.H. after taking a leave of absence due to his disability violates Title II of the Americans with Disabilities Act of 1990, as amended and Title V of the Rehabilitation Act of 1973, as amended.

4.      Defendants refusing re-admission to Plaintiff, a qualified individual with a disability, from the School of Architecture, because of his disability and Defendants failure to engage in the interactive process in good faith and reasonably accommodate Plaintiff in the re-admission process, as more particularly set forth in this complaint, violates the foregoing law.

5.      Plaintiff seeks a declaration from this court that Defendants' refusal to re-admit Plaintiff despite previously receiving accommodations in order to complete years of study gaining credit towards his Doctorate in Architecture as

3

more particularly set forth in this complaint, violates Title II of the Americans with Disabilities Act of 1990, as amended and Title V of the Rehabilitation Act of 1973, as amended.

6.      Plaintiff seeks an injunction permanently enjoining Defendants to re-admit Plaintiff in order to complete his Doctorate in Architecture.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction of the federal claims asserted here pursuant to 28 U.S.C. § 1331 because the district courts of the United States have original jurisdiction of all civil actions arising under the Constitution and laws of the United States; 28 U.S.C. § 1337 because the district courts of the United States have original jurisdiction of any civil actions arising under any act of Congress regulating commerce; 28 U.S.C. § 1343 because the district courts of the United States have original jurisdiction of any civil action authorized by law to be commenced by any person to recover damages to redress the deprivation of rights secured by the United States Constitution or any Act of Congress; pursuant to 42 U.S.C. 12133 which incorporates by reference 29 U.S.C. § 794a which incorporates by reference 42 U.S.C. § 2000d et seq.; pursuant to 29 U.S.C. § 794 and 794a which incorporates by reference 42 U.S.C. § 2000d et seq..

8.      Declaratory and injunctive relief may be granted based upon 28 U.S.C. § 2201; 2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

9.     The unlawful practices complained of in this complaint occurred within the District of Hawaii, and venue is proper within this District pursuant to 28 U.S.C. § 1391 (b).

## PARTIES

10.     The Plaintiff, AARON INFANTE-LEVY ("Plaintiff" or "Aaron"), is a resident of Honolulu, Hawaii. The Plaintiff is and at all times relevant to the matters alleged here, was a qualified individual with a disability within the meaning of Section 504 and the A.D.A.

11.     Defendant STATE OF HAWAII, UNIVERSITY OF HAWAIʻI AT MANOA ("U.H.) is a State of Hawaii entity. Defendants are the State of Hawaii as the principal of U.H.; U.H. as the principal and employer of its agents and employees. Defendants at all times pertinent hereto, were and are located in the District of Hawaii.

12.     Defendant William Ryan Chapman, Ph.D., (hereinafter "Dr. Chapman " or "Defendant") is sued in his official capacity only as Dean of the School of Architecture.  As a final decision maker, Dr. Chapman is ultimately responsible for ensuring compliance with all applicable federal statutory laws.

13.     Defendants JOHN AND JANE DOES 1-100; DOE AGENCIES 1-10; DOE CORPORATIONS 1-10; DOE ASSOCIATIONS 1-10; DOE BUSINESS ENTITIES 1-10 are individuals, corporations, associations and business entities

whose names are unknown at this point in time.  Plaintiff will amend his complaint when he becomes aware of the identity of any of the foregoing and effect service of process upon each in accordance with the applicable Federal Rules of Civil Procedure.

14.    Plaintiff is informed and believes and thereon allege that each of the Defendants is responsible in some manner for the events herein alleged in this complaint or in omitting to do those acts that alleged in this complaint to have been legally required, each Defendant has acted as an agent for each and all other Defendants.

15.    At all times relevant hereto, the Defendants, and each of them, were operating under color of law, custom and usage of the State of Hawaii.

16.    Each of the Defendants is responsible, and liable, jointly and severally, for the events herein alleged, or in omitting to do those acts as legally required, in that individually and/or collectively, they have caused Plaintiff a serious deprivation of his rights and serious injury.  Each Defendant has acted throughout as an agent for each and all other Defendants.

17.    At all relevant times, the Defendants have been a covered entity under 42 U.S.C. § 12131(1) and 42 U.S.C. § 12203 and Section 504 of the Rehabilitation Act of 1973.

6

## STATUTORY BACKGROUND

18.     The purpose of the Americans with Disabilities Act was and is: (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

19.     The purpose of the Rehabilitation Act of 1973 was and is to empower individuals with disabilities to maximize employment, economic self-sufficiency, independence, and inclusion and integration into society.

## FACTUAL ALLEGATIONS

20.     Aaron is a resident of Hawaii who desires to complete his Doctorate in Architecture but cannot because of Defendants refusal to re-admit him after already completing two-thirds of his required courses to graduate. Plaintiff was forced to withdraw from courses and take a leave of absence solely on account of his disability.

7

21.    Aaron has one or more mental and/or physical impairments, which substantially impair a major life activity, including but not limited to: *major depression with a r/o of a bipolar variant and Post Traumatic Stress Disorder* –in other words, Aaron has periods of normal functioning and then low periods where social interaction with others and meeting deadlines are compromised. It is also considered a "treatment resistant" illness, which means that Aaron has not responded to conventional forms of treatment.

22.    Aaron repeatedly has requested a reasonable accommodation in the re-admission process for his disability in accordance with the A.D.A and Section 504 and Defendants have refused to the present day.

23.    Defendants failed to act in good faith in the interactive process in the re-admission process.

24.    Defendants, under the pretext and guise of unsubstantiated, unsupported, and irrational fears denied Plaintiff re-admission on the stereotypical assumption that Aaron is incapable of completing his course requirements despite previously being enrolled and completing two-thirds of his college credits rather than reasonably accommodating his disability.  The defendants used stereotypical assumptions not truly indicative of Aaron's abilities to justify not only rejection for re-admission but to suggest he pursue other graduate courses as an alternative to the Doctorate of Architecture program.

25.   Defendants are a "covered entity" in accordance with the Title II of the Americans with Disabilities Act of 1990.

26.   Defendants are a "covered entity" in accordance with Title V of the Rehabilitation Act of 1973.

27.   Defendants receive and accept federal and state funds.

28.   Defendants have at all times pertinent hereto, acted under color of state law.

## FIRST CLAIM FOR RELIEF

29.   The Plaintiff incorporates and re-alleges paragraphs 1 through 28 of this Complaint as if fully set forth here.

30.   Defendants' actions violate Title II of the ADA including, but not limited to, its implementing regulation, 34 CFR § 104.44, 34 CFR § 104.42, 34 CFR § 104.42 (a), 34 CFR § 104.42 (b), 28 CFR § 35.130, 28 CFR § 35.130 (b)(8), and 34 CFR § 104.3(3).

## SECOND CLAIM FOR RELIEF

31.   The Plaintiff incorporates and re-alleges paragraphs 1 through 30 of this Complaint as if fully set forth here.

32.   Defendants' actions violate Title V of the Rehabilitation Act of 1973 including, but not limited to, its implementing regulation, 28 CFR § 35.130 which requires that a public entity shall not impose or apply eligibility criteria that screen

out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered.

**WHEREFORE**, Plaintiff demands judgment pursuant to the Americans with Disabilities Act of 1990 and the Rehabilitation Act of 1973:

(a)     Declaring that the Defendants' actions complained of here are in violation of Plaintiff's right as secured by the foregoing laws and regulations.

(b)     Order injunctive relief enjoining the Defendants' actions complained of here.

(c)     Order injunctive relief mandating that the Defendants re-admit Plaintiff into the School of Architecture.

(d)     Order injunctive relief mandating that the Defendants' enact and use policies consistent with the foregoing laws and regulations.

(e)     Award compensatory damages in an amount to be determined at trial.

(f)     For the recovery of costs and attorney fees as provided by statute: 42 U.S.C. § 12133 and 29 U.S.C. § 794a.

(g)     Award such other and further relief, as the Court may deem just, fit and proper.

Dated:  Honolulu, Hawaii, June 25, 2019.

/s/ SHAWN A. LUIZ
SHAWN A. LUIZ

Attorney for Plaintiff