# MINUTE ORDER

CASE NUMBER:     1:19-CV-00328-LEK-RT

CASE NAME:     Infante-Levy v. State of Hawaii, et al

JUDGE:     Leslie E. Kobayashi      DATE:      6/28/2019

COURT ACTION: EO: COURT ORDER RULING ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

      On June 25, 2019 Plaintiff Aaron Infante-Levy ("Plaintiff") filed his: Complaint and Motion for Temporary Restraining Order and Preliminary Injunction ("Motion"). [Dkt. nos. 1 (Complaint), 2 (Motion).] The Motion seeks a temporary restraining order ("TRO") and preliminary injunction to, *inter alia*, require Defendants State of Hawai`i, University of Hawai`i at Manoa, and William Ryan Chapman, Ph.D., in his official capacity as Dean of the School of Architecture, University of Hawai`i (collectively "Defendants") to "[r]e-admit" Plaintiff to the School of Architecture so that he can complete the remaining portion of his degree. [Motion at 3.] Plaintiff states that immediate relief is necessary so that he may enroll in the upcoming Summer 2019 and/or Fall 2019 courses. [Id. at 2.]

      In order to obtain a TRO, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (describing the standard for a preliminary injunction); Washington v. Trump, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (stating the preliminary injunction standard also applies to a request for a TRO). "A TRO is an extraordinary measure, requiring the movant to carry a heavy burden in order to obtain such relief." DLMC, Inc. v. Flores, CV. NO. 18-00352 DKW-KSC, 2018 WL 6682986, at *2 (D. Hawai`i Dec. 19, 2018) (citing Winter, 555 U.S. at 22).

      At the outset, the Court notes that the portion of the Motion seeking a TRO does not meet the level of "irreparable harm" necessary for the Court to grant the extraordinary relief Plaintiff seeks. See Winter, 555 U.S. at 20. Plaintiff asserts that, "[w]ithout the requested preliminary injunction, the Plaintiff will not be able to complete the program he started and has already completed two-thirds of the required courses." [Mem. in Supp. of Motion at 41.] "Mere injuries, however substantial, in terms of money, time and energy necessarily expended . . . are not enough." L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202 (9th Cir. 1980) (alteration in L.A. Mem'l) (citing

Sampson v. Murray, 415 U.S. 61, 90 (1974)); see also Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) ("[E]conomic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." (citation omitted)).  Further, Plaintiff appears to have taken a leave of absence previously from his studies without being barred from completing his degree.  See Mem. in Supp of Motion at 10.  The Court therefore DENIES the portion of the Motion requesting a TRO.

As to the portion of the Motion seeking a preliminary injunction, the Court will set a hearing date and briefing deadlines for that portion of the Motion upon Plaintiff's completion of service in accordance with Fed. R. Civ. P. 4.

IT IS SO ORDERED.


Submitted by: Theresa Lam, Courtroom Manager